1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11    PATRICK S. LOKEY,                              CASE NO. 09CV2419-MMA (BGS)

12                                    Plaintiff,     **ORDER:**

13                                                   **(1) GRANTING DEFENDANT'S
                                                     MOTION TO REMAND;**
14
      vs.                                            [Doc. No. 22]
15
                                                     **(2) DENYING PLAINTIFF'S MOTION
16                                                   FOR SUMMARY JUDGMENT AS
                                                     MOOT;**
17
                                                     [Doc. No. 19]
18    MICHAEL J. ASTRUE, Commissioner of
      Social Security,                               **(3) REMANDING THIS ACTION TO
19                                                   THE COMMISSIONER OF SOCIAL
                                     Defendant.      SECURITY**
20

21

22         On October 29, 2009, Plaintiff Patrick S. Lokey filed this appeal of a final decision of

23    Defendant Commissioner of Social Security denying his application for Social Security Disability

24    Insurance benefits.  On August 25, 2010, the Court referred all matters arising in this action to the

25    assigned magistrate judge for report and recommendation pursuant to section 636(b)(1)(B) of title

26    28 of the United States Code and Local Rule 72.1.  *See* 28 U.S.C. § 636(b)(1)(B); S.D. Cal. Civ. R.

27    72.1.  The Administrative Record was filed approximately eighteen months ago.  *See* Doc. Nos. 7,

28    8.  This case has languished, however, based in large part on the failure of Plaintiff's counsel to

prosecute his client's appeal in a timely manner.  *See* Doc. Nos. 12, 15, 17.  Consequently, in order to expedite the disposition of this action, the Court vacates the August 25, 2010 Order of Reference and rules as follows.

<u>**DISCUSSION**</u>

On August 19, 2011, Plaintiff filed a motion for summary judgment requesting the Court reverse the final decision of the Commissioner and remand this case for the payment of benefits. *See* Doc. No. 19.  Plaintiff also states in his motion that "[i]n the alternative, if the Court finds issues that must be resolved, he asks the Court to reverse the final decision of the Commissioner pursuant to sentence four of § 405g, and remand this case to the Social Security Administration for further proceedings and a decision in accordance with the applicable law." *See id.*, 10.  On September 16, 2011, in lieu of a cross motion for summary judgment, Defendant filed a motion requesting the Court remand this action for further proceedings.  *See* Doc. No. 22.  In his motion, Defendant notes that he "communicated to Plaintiff's counsel that the agency would agree to voluntarily remand the case for further administrative proceedings. Plaintiff, through counsel, declined the Commissioner's proposal . . ." *See id.*, 1.

Having reviewed the record, and good cause appearing, the Court finds that this action should be remanded to the Commissioner of Social Security for further proceedings.  Although the record reflects that Plaintiff does not stipulate to remand for such purpose, Plaintiff has requested remand for further proceedings as an alternative form of relief, as noted above.  As both parties acknowledge, the Administrative Law Judge, *inter alia*, improperly evaluated the opinions of Plaintiff's treating physicians, and remand is required.  However, the Court does not agree with Plaintiff's assertion that upon remand "the ALJ would be required to award benefits had Dr. Soumekh and Dr. Maguire's opinions been credited." *See* Doc. No. 19, 10.  *See, e.g., Rodriguez v. Bowen*, 876 F.2d 759, slip op. 5769, 5774 & n.7 (9th Cir. 1989) (holding that a treating physician's opinion is not necessarily conclusive as to either a physical condition or the ultimate issue of disability); *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (holding that the decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court).

1    The case at bar is not "the unusual case in which it is clear from the record that the

2  claimant is unable to perform gainful employment in the national economy." *Benecke v. Barnhart*,

3  379 F.3d 587, 595 (9th Cir. 2004).  Rather, remand is necessary for reevaluation of the medical

4  evidence, after which the ALJ must conduct a new sequential evaluation, make new credibility

5  findings, give legally sufficient reasons for the rejection of probative evidence from acceptable

6  medical sources as well as other sources, and make new findings regarding Plaintiff's residual

7  functional capacity.

8                                    CONCLUSION

9    Based on the foregoing, and in accordance therewith,

10   **IT IS HEREBY ORDERED THAT**:

11   1.    Defendant's Motion to Remand [Doc. No. 22] is **GRANTED**.

12   2.    Plaintiff's Motion for Summary Judgment [Doc. No. 19] is **DENIED AS MOOT**.

13   3.    This action is **REMANDED** to the Commissioner of Social Security for further

14  administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g).  Upon remand, the

15  Commissioner shall: (a) update the record; (b) further evaluate Plaintiff's subjective complaints;

16  (c) further evaluate the medical opinions of record, in particular the opinions of Drs. Maguire and

17  Soumekh; (d) associate medical records received in connection with an application that Plaintiff

18  filed subsequent to the claim at issue in this civil action; and, (e) obtain vocational expert

19  testimony.

20   **IT IS SO ORDERED**.

21  DATED:  September 27, 2011

22

23                                    Hon. Michael M. Anello
                                      United States District Judge

24

25

26

27

28

- 3 -